UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN ANTHONY MCMILLIAN,

Plaintiff,

v.

WALMART INC.,

Defendant.

Case No. 2:26-cv-2170-DC-JDP (PS)

ORDER

Plaintiff Shawn Anthony McMillian, proceeding pro se, filed action in state court against defendant Walmart Inc., alleging that it benefited from his ideas without compensating him. Defendant has filed a motion to dismiss, ECF No. 4, and plaintiff has filed a motion to remand, ECF No. 10, and a motion for sanctions, ECF No. 20. For the reasons stated below, plaintiff's motions are denied, defendant's motion is granted, and the complaint is dismissed with leave to amend.

**Background**

The following allegations are taken from the complaint and, for purposes of this order, are assumed to be true. In 2015, plaintiff "was a barber in Chico, California, a former Walmart associate, and an independent innovator using his iPhone to create and submit original ideas." ECF No. 1-1 at 3. Later that year, plaintiff "submitted approximately 202 original startup concepts to IdeasWatch.com," a website that hosts user-submitted ideas. *Id*. Plaintiff's submitted

ideas included "The Shop and Pick-Up App," a concept that involved "online ordering, designated pickup times, curbside loading, and delivery-service integration." *Id*. at 2-3. "Plaintiff alleges Walmart later expanded pickup and delivery services in ways that overlapped with Plaintiff's concepts, including curbside pickup, online ordering, delegated pickup, and delivery-related integrations." *Id*. at 2. Plaintiff brings state law claims, including negligence, conversion, and misappropriation of ideas. *Id*. at 4-5.

**Procedural History**

In April 2026, plaintiff filed suit in Butte County Superior Court. ECF No. 1-1 at 2. In June 2026, defendant removed this action. ECF No. 1. One week later, defendant filed a motion to dismiss. ECF No. 4. Plaintiff has filed an opposition, ECF No. 9, and defendant has filed a reply, ECF No. 13. Later in June 2026, plaintiff filed a motion to remand.[1] ECF No. 10. Defendant has filed an opposition, ECF No. 14, and plaintiff has filed a reply, ECF No. 16. Finally, in July 2026, plaintiff filed a motion for sanctions. ECF No. 20. Defendant has filed an opposition, ECF No. 21, and plaintiff has not filed a timely reply, *see* E.D. Cal. L.R. 230(d).

**Motion to Remand**

**A. Legal Standard**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). Courts construe the removal statute against removal, and the party seeking removal bears the burden of establishing federal jurisdiction. *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). If removal was improper, "the district court lack[s] subject matter jurisdiction, and the action should [be] remanded to the state court." *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998) (citing 28 U.S.C. § 1447(c)).

[1] Plaintiff also filed a request to stay the hearing on defendant's motion to dismiss until after the court has adjudicated plaintiff's motion to remand. ECF No. 12. This request will be denied as moot because the hearing on defendant's motion was later vacated. *See* ECF No. 18.

The notice of removal must contain "a short and plain statement of the grounds for removal," which includes the claimed jurisdictional basis. 28 U.S.C. § 1446(a). Diversity jurisdiction exists in all civil actions in which there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

**B. Analysis**

Defendant removed on the basis of diversity jurisdiction. ECF No. 1 at 2. Specifically, defendant asserted that complete diversity exists, as plaintiff is a citizen of California and it is a citizen of Delaware and Arkansas. *Id*. at 2-3. Further, defendant stated that the amount in controversy exceeds the jurisdictional threshold because plaintiff demanded "$10 to $100 billion." *Id*. at 2 (quoting ECF No. 1-1 at 37).

Plaintiff advances three arguments in favor of remand. First, he asserts that removal was untimely. ECF No. 10 at 3. Plaintiff is mistaken. As an initial matter, as defendant points out, plaintiff did not properly effectuate service. *See* ECF No. 14 at 9. In California, a corporation may be served by delivering a copy of the summons and the complaint to "the person designated as agent for service of process," certain executive officers, or any "person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10. Plaintiff asserted in a state court filing that, on May 4, 2026, he mailed the complaint and summons to Scott Forman at Littler Mendelson, P.C. in Kansas City, MO. ECF No. 1-4 at 10. The parties agree that Mr. Forman is an attorney that represents defendant, though he is not involved in this action. *See* ECF No. 14 at 9; ECF No. 16 at 2. Plaintiff argues that service on Mr. Forman was proper because the EEOC Right to Sue letter he received included Mr. Forman's information. ECF No. 16 at 2 (citing ECF No. 10 at 70-71). However, that letter did not state that Mr. Forman is authorized to receive service; rather, the letter only indicated that a carbon copy had been sent to him. *See* ECF No. 10 at 71. There is no evidence that Mr. Forman is authorized to receive service on behalf of defendant.

Moreover, even if Mr. Forman were authorized to receive service, defendant's removal would still be timely. Service by mail on a person outside California is "deemed complete on the 10th day after such mailing." Cal. Civ. Proc. Code § 415.40. Consequently, as plaintiff stated in

a state court filing that he mailed the summons and complaint to Kansas City, MO on May 4, 2026, service was not deemed complete until May 14, 2026.[2] *See id.*; ECF No. 1-4 at 10. Defendant's thirty-day removal period thus commenced on May 14, 2026, and concluded on June 13, 2026. *See* 28 U.S.C. § 1446(b). Because June 13, 2026 was a Saturday, the removal period continued to Monday, June 15, 2026, when defendant removed. *See* Fed. R. Civ. P 6(a)(1)(C); ECF No. 1. Accordingly, removal was timely.

Second, plaintiff asserts that there is not complete diversity of citizenship. ECF No. 10 at 4. Plaintiff does not dispute that he is a citizen of California. A corporation is deemed a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant has submitted a declaration stating that it is a Delaware corporation with its principal place of business in Arkansas. ECF No. 1-5 at 2. Plaintiff asserts that defendant's "principal place of business for its e-commerce operations is California." ECF No. 10 at 4. For diversity purposes, a corporation is not classified into subdivisions or departments; rather, the corporation as a whole is considered. *See* 28 U.S.C. § 1332(c)(1). To be sure, plaintiff presents no legal authority supporting his argument that the court can consider a portion of Walmart to be at home in California.

Lastly, plaintiff argues that defendant failed to properly serve him with the notice of removal. ECF No. 10 at 4-5. However, plaintiff admits that five days after removal, he received the notice by mail at his home. *See id.* at 5. Plaintiff presents no legal authority supporting

[2] In his reply, plaintiff argues that his "service was personal—not by mail. The POS-040 confirms personal service (item 6a is checked)." ECF No. 16 at 4. That is patently false. The state court filing, as noted, reflects that plaintiff mailed the summons and complaint; as such, he did not check item 6a "by personal service" but rather checked item 6b "by United States mail." *See* ECF No. 1-4 at 10-11; *see also* ECF No. 10 at 18-19 (copy provided by plaintiff in his motion to remand). Plaintiff is reminded of his obligation to comply with the Federal Rules of Civil Procedure in prosecuting this action. *See* E.D. Cal. L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law."). In particular, under Rule 11, plaintiff certifies by submitting a filing to the court that "the factual contentions have evidentiary support" and "the denials of factual contentions are warranted on the evidence" to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[.]" Fed. R. Civ. P. 11(b).

remand on the basis that he received the notice of removal within five days.[3] Plaintiff also does not allege suffering any prejudice. Accordingly, any error was harmless and does not warrant remand. *See Bramwell-Thomas v. State Farm Mut. Auto. Ins. Co.*, No. 2:cv-cv-1188-RFB-BNW, 2024 WL 5381467, at *2 (D. Nev. May 6, 2024) (collecting cases).

Accordingly, plaintiff's motion to remand, ECF No. 10, is denied.

**Motion to Dismiss**

**A. Legal Standard**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). However, "the tenet that a court

---

[3] Similarly, plaintiff's assertion that "Walmart did not hand the package to Plaintiff personally" is unavailing. *See* ECF No. 10 at 5. Service by mail is widely accepted, and plaintiff does not assert any issue with receiving the package that was left at the door of his home. *See id.* Moreover, plaintiff has served defendant in this action by mail; as such, plaintiff cannot reasonably argue that such method of service is deficient. *See* ECF No. 10-2 at 3-4.

must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 664. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a liberal interpretation of a complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Analysis**

Defendant moves for dismissal of all claims, advancing three arguments. First, defendant contends that plaintiff is unable to plead breach of an implied contract. ECF No. 4 at 11-13. A California appellate court held:

> In an idea submission case such as this, to prevail on a cause of action for breach of implied-in-fact contract, [the] plaintiffs must show (1) they clearly conditioned the submission of their ideas on an obligation to pay for any use of their ideas; (2) the defendants, knowing this condition before the plaintiffs disclosed the ideas, voluntarily accepted the submission of the ideas; and (3) the defendants found the ideas valuable and *actually used* them—that is, the defendants based their work substantially on the plaintiffs' ideas, rather than on their own ideas or ideas from other sources.

*Spinner v. Am. Broad. Companies, Inc.*, 215 Cal. App. 4th 172, 184 (2013) (emphasis in original).

Plaintiff does not allege any such element. Regarding the first element, plaintiff pleads that he submitted his concepts to IdeasWatch, not defendant. *See* ECF No. 1-1 at 3. As for the second element, plaintiff does not allege that defendant knew about a condition of payment; on the contrary, plaintiff alleges that IdeasWatch is a public website that anyone can view.[4] *See id.*

---

[4] Plaintiff argues that he "submitted his ideas to IdeasWatch with an expectation of compensation" because the website "presented itself as a legitimate startup incubator." ECF No.

As the California Supreme Court held, "[t]he idea man who blurts out his idea without having first made his bargain has no one but himself to blame for the loss of his bargaining power." *Desny v. Wilder*, 46 Cal. 2d 715, 739 (1956). Lastly, the third element is not plausibly pled; plaintiff only alleges that defendant "expanded pickup and delivery services in ways that overlapped with Plaintiff's concepts" and that defendant "benefited from Plaintiff's concepts." *See* ECF No. 1-1 at 2. These allegations fall short of showing that defendant used plaintiff's ideas, i.e., "based [its] work substantially on [plaintiff's] ideas, rather than on [its] own ideas or ideas from other sources." *See Spinner*, 215 Cal. App. 4th at 184. Consequently, the complaint does not state a claim for breach of implied contract.

Second, defendant argues that plaintiff does not plead a claim sounding in trade secrets. ECF No. 4 at 14-16. "In order to state a claim for trade secret misappropriation under California's Uniform Trade Secrets Act ('CUTSA') or the federal Defend Trade Secrets Act ('DTSA'), a plaintiff must show that 1) the plaintiff owned a trade secret; 2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means; and 3) the defendant's actions damaged the plaintiff." *Reis v. Tavant Techs., Inc.*, No. 19-cv-0609-WQH-JLB, 2019 WL 5727453, at *4 (S.D. Cal. Nov. 5, 2019). "A trade secret under the CTUSA and DTSA is information that (1) derives independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *Id.* (cleaned up). Additionally, "a plaintiff who seeks relief for misappropriation of trade secrets must identify the trade secrets and carry the burden of showing that they exist." *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 522 (9th Cir. 1993).

Here, plaintiff does not plausibly allege that he owned a trade secret. As noted, plaintiff pleads that he submitted concepts to IdeasWatch; his ideas were therefore not "the subject of efforts that [were] reasonable under the circumstances to maintain [their] secrecy." *See Reis*,

---

9 at 4. Plaintiff did not present these allegations in the complaint. Moreover, plaintiff does not indicate that he conditioned the submission of his ideas to IdeasWatch on the basis of future compensation.

2019 WL 5727453, at *4. Consequently, plaintiff has failed to carry his burden of showing that any trade secret existed. *See MAI Sys. Corp.*, 991 F.2d at 522. Furthermore, even if plaintiff established the existence of a trade secret that was not disclosed to the public, he does not allege that defendant "acquired, disclosed, or used [his] trade secret through improper means." *See Reis*, 2019 WL 5727453, at *4.

The only argument plaintiff offers in response is that only "approximately 20" of his submitted ideas were ever "published "on IdeasWatch, as the rest "existed only in the back-end database that Google authenticated." ECF No. 9 at 5. This assertion is in tension with the allegation in the complaint that "only two of [plaintiff's] 202 ideas were flagged by the platform and [] the remaining ideas were published as original under the plaintiff's process." *See* ECF No. 1-1 at 3.

Third, defendant argues that plaintiff is unable to otherwise state a claim. ECF No. 4 at 16-17. As to plaintiff's negligence claim, defendant points out that plaintiff does not adequately allege that defendant owed him a duty of care. *See id*. at 16; ECF No. 1-1 at 4; *Routh v. Quinn*, 20 Cal. 2d 488, 491 (1942) ("It is an elementary principle that an indispensable factor to liability founded upon negligence is the existence of a duty of care owed by the alleged wrongdoer to the person injured[.]"). Regarding plaintiff's conversion claim, defendant notes that an idea cannot support a conversion claim. *See* ECF No. 4 at 16; ECF No. 1-1 at 4; *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("The tort of conversion does not apply to ideas."). Next, defendant argues that plaintiff's claims for unjust enrichment and unfair competition are duplicative of the trade secrets claim. *See* ECF No. 4 at 17. As defendant points out, courts in this Circuit have found that such claims are "duplicative" and "displaced by the Uniform Trade Secrets Act." *See Hutchison v. KFC Corp.*, 809 F. Supp. 68, 71 (D. Nev. 1992). Lastly, defendant argues that plaintiff's claims for invasion of privacy, fraudulent concealment, and evidence spoilation fail because plaintiff does not allege that defendant "had any control over or ownership of IdeasWatch." ECF No. 4 at 17; *see also* ECF No. 1-1 at 5. As defendant points out, courts in this Circuit have dismissed such claims where the complaint does not plead a sufficient relationship. *See Campbell v. Honey Sci., LLC*, 836 F. Supp. 3d 985, 990 (N.D. Cal.

2026) (dismissing an invasion of privacy claim where the plaintiff alleged disclosure of "browsing behavior across other websites not owned or operated by [the] defendants"); *Immobiliare, LLC v. Westcor Land Title Ins. Co.*, 424 F. Supp. 3d 882, 889 (E.D. Cal. 2019) (dismissing a fraudulent concealment claim where there was no allegation of "a contractual relationship" or "the existence of any other transactional relationship that would give rise to a duty to disclose"); *Dykes v. BNSF Ry. Co.*, No. 17-cv-1549-JCC, 2019 WL 1128521, at *6 (W.D. Wash. Mar. 12, 2019) (holding a defendant not responsible for evidence spoilation where it "neither possessed nor exercised control" over the evidence).

Plaintiff fails to adequately state a claim, and the court finds his arguments as to each of the claims unavailing in light of the case law cited above. *See* ECF No. 9 at 8-9. Plaintiff's final argument is that defendant improperly served its motion. *Id*. at 10. Plaintiff asserts that defendant emailed him its motion on June 22, 2026—the day it was filed. *See id*. However, defendant submitted a proof of service showing that it also mailed the motion and supporting documents to plaintiff on June 22, 2026. *See* ECF No. 6 at 2. Service by mail to a person's last known address is proper. *See* Fed. R. Civ. P. 5(b)(2)(C).

Accordingly, defendant's motion to dismiss, ECF No. 4, is granted. Because plaintiff has not previously been notified of any pleading deficiencies, he will be afforded leave to amend.

## Motion for Sanctions

### A. Legal Standard

Rule 11 of the Federal Rules of Civil Procedure provides that a party may be sanctioned for presenting pleadings "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," raising frivolous arguments, claims or defenses, making factual contentions with no evidentiary support, or inappropriately denying factual contentions. Fed. R. Civ. P. 11(b), (c). Motions for sanctions under Rule 11 "must describe the specific conduct that allegedly violates Rule 11(b)," and must be served on the opposing party at least twenty-one days before filing the motion with the court. Fed. R. Civ. P. 11(c)(2).

### B. Analysis

Plaintiff moves for sanctions on the basis of several alleged instances of fraud. As an initial matter, it appears that plaintiff's motion fails to comply with Rule 11. Plaintiff was required to serve defendant at least twenty-one days before filing his motion for sanctions. *See* Fed. R. Civ. P. 11(c)(2). Plaintiff does not show compliance with that requirement. On the contrary, the proof of service for his motion shows that he mailed the motion to defendant on July 12, 2026—only two days before he filed the motion. *See* ECF No. 20 at 36.

While the court could deny the motion solely on that basis, it has reviewed the arguments and also finds them meritless. First, plaintiff argues that defendant "falsely claimed it served plaintiff by email" on June 15, 2026 regarding the notice of removal. ECF No. 20 at 5. In its opposition, defendant has submitted evidence showing that it emailed the notice of removal to "sammcmillian86@icloud.com" on June 15, 2026. ECF No. 21-2 at 2. That email was then returned as undeliverable. ECF No. 21-3 at 2. As noted, plaintiff acknowledges receiving the mailed notice of removal on June 20, 2026. *See* ECF No. 10 at 4-5. There is no evidence to support a finding of fraud on defendant's part.

Second, plaintiff argues that defendant falsified its proof of service because it marked that it mailed the notice of removal on June 18, 2022, whereas plaintiff did not receive that mail until a later date.[5] Service by mail is "complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). As such, defendant did not make a misrepresentation by listing the date that it mailed the notice. It bears mention that, to serve his papers, plaintiff has used mail and consistently stated that "[s]ervice was made by placing the documents in a sealed envelope" and then writing the date on which he deposited the envelope. *See, e.g.*, ECF No. 20 at 36. These representations indicate that plaintiff understands service by mail to be complete upon mailing—not when the opposing party receives the papers.

Third, plaintiff argues that defendant falsely represented its principal place of business as Arkansas. ECF No. 6. Plaintiff rehashes the argument that the court has already rejected.

[5] While plaintiff represented in his motion to remand that he received the notice on June 20, 2026, he asserts in his motion for sanctions that he received the notice on June 22, 2026. *See* ECF No. 20 at 6.

Fourth, plaintiff asserts that defendant received unspecified service on June 23, 2026. ECF No. 20 at 7. It does not appear that defendant has contested service in federal court; as such, this argument seems misplaced.

Fifth, plaintiff argues that defendant has misrepresented his pro se status. ECF No. 20 at 7. The source of the confusion appears to be an order issued by the court in June 2026 that inadvertently stated that plaintiff is "proceeding with retained counsel." *See* ECF No. 7. Defendant had no role in that oversight. Plaintiff argues that defendant "did nothing to correct it" but he does not explain what obligation defendant violated. *See* ECF No. 20 at 7. To the extent that plaintiff's pro se status was misrepresented, it was wholly disconnected from defendant's conduct.

Accordingly, plaintiff's motion for sanctions, ECF No. 20, is denied.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to remand, ECF No. 10, is DENIED.
2. Plaintiff's request to stay hearing, ECF No. 12, is DENIED.
3. Plaintiff's motion for sanctions, ECF No. 20, is DENIED.
4. Defendant's motion to dismiss, ECF No. 4, is GRANTED.
5. Plaintiff's complaint, ECF No. 1-1, is DISMISSED with leave to amend.
6. Plaintiff may file an amended complaint within fourteen days. Failure to do so will result in a recommendation that this action be dismissed for failure to state a claim

IT IS SO ORDERED.

Dated: October 14, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

7. .